IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 15-50620

_____

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2015

Lyle W. Cayce
Clerk

In re:  MARCO ANTONIO ALFEREZ,

Movant

_____

Motion for an order authorizing
the United States District Court for the
Western District of Texas to consider
a successive 28 U.S.C. § 2255 motion

_____

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Marco Antonio Alferez, federal prisoner # 66514-280, pleaded guilty pursuant to a plea agreement to one count of sexual exploitation of a child in violation of 18 U.S.C. § 2251, and one count of distribution of material involving the sexual exploitation of children in violation of 18 U.S.C. § 2252.  Following the failure of his initial 28 U.S.C. § 2255 motion, he now seeks authorization to file a successive § 2255 motion to challenge his convictions.  Although

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50620

Alferez's brief is not entirely clear on this point, if granted authorization, Alferez apparently intends to argue in his successive petition that the Government violated his right against unreasonable searches and seizures under the Fourth Amendment and also that the Government withheld exculpatory evidence in violation of the Fifth Amendment and *Brady v. Maryland*, 373 U.S. 83 (1963).

This court may authorize the filing of a second or successive § 2255 motion only if the movant makes a *prima facie* showing that his claims rely on either (1) "newly discovered evidence that, if proved and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h). Alferez does not rely on a new rule of constitutional law. Instead, he argues that "newly discovered evidence" uncovered in the course of a related Texas criminal proceeding "establish[es] by clear and convincing evidence that no reasonable factfinder would have found [him] guilty" of knowingly distributing child pornography in violation of 18 U.S.C. § 2252. Upon careful review of Alferez's arguments and pertinent authorities, we conclude that Alferez has not made the required showing.

Accordingly, IT IS ORDERED that Alferez's motion for authorization to file a successive § 2255 petition is DENIED.